867 F.2d 609
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peter LIVAS, Defendant-Appellant.
 No. 88-5048.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1988.
Decided: Jan. 25, 1989.
 
 Eddie Crawford Mitchell (Cofer, Mitchell & Tisdale, P.A.; David F. Tamer, on brief), for appellant.
 Douglas Cannon, Assistant United States Attorney (Robert H. Edmunds, Jr., United States Attorney; Becky M. Strickland, CLA Paralegal Specialist on brief), for appellee.
 Before WIDENER, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 A jury convicted Peter Livas on one count of conspiring to distribute and possess with the intent to distribute cocaine,[1] one count of distributing cocaine,[2] and three counts of using a communications facility to facilitate the distribution and possession with intent to distribute cocaine.[3] Livas then filed this appeal, alleging that the district court committed prejudicial error by admitting the statements of his coconspirators. Livas also alleges that the jury lacked sufficient evidence to convict him. Finding no prejudicial error in the trial, and finding sufficient evidence to sustain Livas' convictions, we affirm those convictions.
 
 I.
 
 2
 Livas' prosecution resulted from an undercover FBI operation, headed by FBI Agent Robert Drdak. During the investigation Agent Drdak posed as a North Carolina businessman interested in buying cocaine. At trial Agent Drdak served as one of the government's principal witnesses.
 
 
 3
 Indicted with Livas were two co-conspirators, Bobby Arethas and Angelo Kanakis. Prior to trial both Arethas and Kanakis entered into separate plea agreements with the government. Each of those agreements provided in part that Arethas and Kanakis would testify truthfully in any proceedings against Livas. Both men did testify at trial, and their testimony substantially corroborated that of Agent Drdak.
 
 
 4
 Livas' defense consisted solely of his own testimony. Appellant's statements essentially refuted the testimony of Drdak, Kanakis, and Arethas, that he was involved in a drug conspiracy.
 
 II.
 
 5
 Livas objects to the admission of Agent Drdak's testimony regarding the out of court statements of Kanakis and Arethas on two grounds. He first asserts that the statements constituted inadmissible hearsay. Federal Rule of Evidence 801(d), however, defines co-conspirator declarations as "statements which are not hearsay." Under Rule 801(d)(2)(E) the out of court statements of co-conspirators are admissible notwithstanding the availability of the co-conspirators to testify.
 
 
 6
 Livas also argues that, even if the statements are not hearsay, the government failed to establish a proper foundation for their admission. The admission of co-conspirator statements requires that the trial judge determine, as a matter of law, their admissibility under the "independent evidence" test. See United States v. Scott, 730 F.2d 143, 149 (4th Cir.1984). That test requires the government to establish by a preponderance of the evidence: (1) the existence of a conspiracy at the time the statement was made; (2) the defendant's participation in that conspiracy; and (3) that the statement was made in furtherance of the conspiracy. See United States v. Stroupe, 538 F.2d 1063, 1065, (4th Cir.1976). Livas argues that the out of court statements of Kanakis and Arethas constituted the primary evidence establishing the existence of a conspiracy. Livas also asserts that, under the independent evidence test, the trial judge may not consider the co-conspirators' statements in determining the admissibility of those statements. Rather, the test requires evidence other than the statements sought to be admitted. Until recently, the rule did require such genuinely "independent" evidence. See Stroupe, supra. In Bourjaily v. United States, --- U.S. ----, 107 S.Ct. 2775, 97 L.Ed.2d 144, 156 (1987), however the Supreme Court ruled that lower courts may consider co-conspirators' statements, and "subsequent events" in determining whether the government has established, by a preponderance of the evidence, that the co-conspirator was involved in a conspiracy, with the defendant.
 
 
 7
 In the instant case, the out of court statements of Kanakis indicated that he was involved in a conspiracy with a Florida "friend" to distribute cocaine. The statements revealed that the friend owned a restaurant in Florida. Drdak testified that he and Kanakis met that friend--Livas--at his restaurant in Florida and discussed a drug deal with him. Drdak arranged directly with Livas to meet him at the restaurant at a designated time to buy cocaine. Livas appeared at the appointed time, viewed the money for the drug purchase, and expressed his concern to Drdak that something was amiss, apparently because of the large number of people accompanying Drdak. Under Bourjaily, these facts were sufficient to establish by a preponderance of the evidence the existence of a conspiracy. The independent evidence test was satisfied, and the trial court properly admitted the out of court statements of Kanakis and Arethas.
 
 
 8
 Livas also contends that the trial judge failed to give limiting instructions to the jury regarding Kanakis and Arethas' statements. The record demonstrates, however, that the court below gave the jury quite complete instructions regarding these statements. Trial Transcript at 58-60.
 
 III.
 
 9
 Livas also claims that the jury lacked sufficient evidence to convict him on any of the five counts. In reviewing the sufficiency of the evidence to support a conviction the relevant question is, "whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 10
 A. Count One: Conspiracy to distribute and to possess with
 
 
 11
 intent to distribute cocaine.
 
 
 12
 To sustain a conviction for conspiracy, the evidence must establish: (1) the existence of an agreement to do something illegal; (2) the defendant's knowing and voluntary participation in the agreement; and (3) the commission of an overt act by the defendant in furtherance of the agreement's purpose. United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir.1987).
 
 
 13
 In this case, the government's witnesses provided the only evidence of a conspiracy. The trial was essentially a "battle of the witnesses," with the jury choosing to believe Drdak, Kanakis, and Arethas rather than appellant. Given the lack of any deficiency in the evidence which would support a reversal of the conviction, this court is bound by the credibility choices of the jury. See United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983) ("We, of course, do not weigh the evidence or review the credibility of witnesses in resolving the issue of substantial evidence."); United States v. Hines, 717 F.2d 1481, 1491 (4th Cir.1983) ("Although [defendant] offered her own version of events, the jury apparently did not accept her story, and viewing the evidence favorably toward the government, her conviction must stand.").
 
 
 14
 B. Counts Two, Four, and Five: Use of a telephone to
 
 
 15
 facilitate distribution and possession of cocaine.
 
 
 16
 A conviction on these counts requires proof that the defendant: (1) knowingly and intentionally: (2) used a telephone; (3) to facilitate the distribution and possession with intent to distribute cocaine. United States v. Phillips, 664 F.2d 971, 1033 (5th Cir. Unit B 1981). Appellant challenges the sufficiency of the evidence only with respect to the third element of this crime, the facilitation. To prove the facilitation element "the government must establish that 'the telephone call comes within the common meaning of facilitate--"to make easier" or less difficult, or to assist or aid.' " United States v. Lozano, 839 F.2d 1020, 1023 (4th Cir.1988), quoting United States v. Phillips, supra, at 1032. Additionally, the government must prove by a preponderance of the evidence the underlying offense. United States v. Russo, 796 F.2d 1443, 1463-64 (11th Cir.1986). "A prima facie case need not include proof that the defendant committed the underlying offense, only that [he] facilitated its commission." Id.
 
 
 17
 Appellant's September 21, 1987 telephone conversation with Drdak (Count Two) facilitated the cocaine distribution by: (1) introducing the distributor (Livas) and the buyer (Drdak); (2) reassuring the purchaser as to the experience of the distributor, the safety of the deal, and the quality of the cocaine; and (3) instructing the buyer as to the details of the exchange.
 
 
 18
 The underlying offense of distribution was proved by evidence that, following this phone call, Livas distributed a sample of cocaine to Kanakis and Arethas for testing by Drdak.
 
 
 19
 The October 21, 1987, telephone conversation (Count Four) between Livas and Drdak also facilitated the upcoming cocaine deal. The two men discussed the quality of the cocaine sample, and Livas mentioned the possibility of doing further deals with Drdak without Kanakis' involvement. The men arranged to meet each other in Florida the next week to "check each other out" and to perhaps conduct the drug exchange at that time.
 
 
 20
 During the telephone call of October 28, 1987, (Count Five) Drdak and Livas finalized their plans to meet on October 29, and Livas gave Drdak directions to the restaurant. Thus, this conversation also facilitated the drug distribution.
 
 
 21
 The underlying offense of Counts Four and Five was possession with intent to distribute. Possession of narcotics "may be actual or constructive and may be joint. A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it." United States v. Schocket, 753 F.2d 336, 340 (4th Cir.1985) (citations omitted).
 
 
 22
 Evidence of Livas' possession of the cocaine came solely from Kanakis' testimony. Kanakis testified that on the morning of the scheduled drug deal, after Livas ordered Drdak and his men to leave the restaurant, the drug courier called Livas and apologized for being late. Livas instructed the courier to take the cocaine to Livas' home and place it in his boat. While waiting for Drdak to call, Livas made the decision not to sell him the cocaine. This testimony was sufficient to establish by a preponderance of the evidence the underlying offense of possession. The jury found this testimony credible, found that Livas was exercising "dominion and control" over the cocaine, and that therefore Livas had at least constructive possession of the drugs. No basis exists for reversing these findings.
 
 C. Count Three: Distribution of Cocaine
 
 23
 A conviction on this count requires proof of "either physical transfer of the drug or other acts in furtherance of the transfer." United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.1987). Kanakis testified that he traveled to Florida on two separate occasions and procured samples of cocaine from Livas. He and Arethas delivered the second of these samples to Agent Drdak for testing. Following the test, Drdak and Livas discussed the quality of the sample and the upcoming cocaine deal in a recorded telephone conversation on October 21, 1987. This evidence is sufficient to support appellant's conviction on Count Three.
 
 
 24
 For the reasons set forth herein, appellant's conviction on all five counts is
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 In violation of 21 U.S.C. Sec. 846
 
 
 [2]
 In violation of 21 U.S.C. Sec. 841(a)(1)
 
 
 [3]
 In violation of 21 U.S.C. Sec. 843